# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL GREEN, | ) | CASE NO. 1: 19 CV 1617 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| WARDEN ERIC IVEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

### Background

*Pro se* Plaintiff Daniel Green, an Ohio prisoner incarcerated in the Belmont Correctional Institution, has filed a Civil Rights Complaint in this matter against Cuyahoga County Jail (the "Jail") Warden Eric Ivey, Sheriff Ken Mills, County Executive Armond Budish, and the CCJ "Medical Department." (Doc. No. 4.) He seeks damages and other relief on the basis of conditions he alleges he experienced in the Jail when he was detained there from June 14, 2016, to July 24, 2017.

He alleges that when he was first brought to the Jail, he informed "Jail Staff" that he had back pain and high blood pressure, but the "Medical Staff" denied him care. (*Id*. at 3-4.) In addition, he alleges he was subjected to other "inhumane treatment." He alleges that he "had to sleep on the dirty floor with [a] dirty worn out mat and in a cell on Red Zone every

day for 10 months," was denied "use of the phone, shower and medical care daily," and that when he was finally allowed out to use the shower, it was "dirty and filled with mold and flies." (*Id*. at 4.) He also complains that the "SRT Team broke his glasses, and that the "Sheriff and Warden" never responded to his "complaint." (*Id*.)

### Standard of Review

Although federal courts are obligated to construe *pro se* complaints liberally, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), such principles are not without limits. *See Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). Plaintiffs proceeding *pro se* must still meet basic pleading requirements, and courts are not required to "conjure allegations on [their] behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

The Prison Litigation Reform Act requires district courts to review any Complaint in which a prisoner seeks redress from governmental entities, officers, or employees, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 28 U.S.C. § 1915A. To survive a dismissal for failure to state a claim under § 1915A, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915A).

### Discussion

Upon review, the Court finds that the Plaintiff's Complaint must be dismissed under

§ 1915A.

Prison conditions are subject to constitutional scrutiny under the Eighth Amendment, but in order to make out a claim, a plaintiff must show that a prison official in question acted with deliberate indifference to his health or safety. This requires a plaintiff to show a culpable state of mind on the part of a prison official. *See Wilson v. Seiter*, U.S. 294, 294 (1991). A prisoner must show that an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The Plaintiff does not set forth allegations suggesting that any individual Defendant named in the Complaint was personally involved in or responsible for the conditions and treatment of which he complains. Additionally, he makes no allegations whatsoever regarding the Defendants' knowledge or intent with respect to the alleged conditions or his health and safety. Accordingly, the Plaintiff's Complaint is insufficient to support a plausible claim that any of the individual Defendants is liable for deliberate difference under the Eighth Amendment.

The Plaintiff alleges that the Sheriff and Warden denied or failed to respond to a "complaint," but the mere "denial of administrative grievances or the failure to act" by a supervisory prison official is insufficient to impose liability under 42 U.S.C. § 1983. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008), citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Furthermore, liability for constitutional rights violation cannot be imposed under § 1983 solely on the basis of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S.

658, 691 (1978). A local governmental entity or subdivision, such as Cuyahoga County, may be held liable under § 1983 only where its own policy or custom causes a constitutional rights violation. *See id.* at 694. The Plaintiff has not alleged any facts plausibly suggesting that an unconstitutional policy of Cuyahoga County itself caused a violation of his constitutional rights.

Finally, the Jail's "Medical Department," as the Plaintiff names as a Defendant, is not capable of being sued for constitutional rights violations under § 1983. *See, e.g, Hix v. Tenn. Dept. of Corrs.*, 196 F. App'x 350, 355 (6th Cir. 2006) (state prison "medical departments are not 'persons' under § 1983 . . .").

## Conclusion

Accordingly, for all of the foregoing reasons, the Plaintiff's Complaint fails to state any plausible federal civil rights claim upon which he may be granted relief and is dismissed pursuant to 28 U.S.C. § 1915A. In light of this dismissal, his Motion to Proceed *In Forma Pauperis* (Doc. No. 1) is denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:** November 6, 2019